UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DORIAN M. TORRES,

           Petitioner,

v.                                                                 Case No. 19-mc-31-pp

DYLAN RADTKE,

           Respondent.

---

**ORDER DENYING MOTION TO STAY *HABEAS* AND RETURN TO CIRCUIT COURT (DKT. NO. 1) AND DISMISSING CASE**

---

On August 13, 2019 the court received a "Motion to Stay Habeas and Return to Circuit Court to Initiate State Court Proceedings" from Dorian M. Torres. Dkt. No. 1. Because Mr. Torres did not have an open case before the court, the Clerk of Court opened a miscellaneous case and assigned that case to this court. Id.

Mr. Torres's motion askes the court to "stay habeas proceedings, and return to Sheboygan County Circuit Court to initiate state proceedings pursuant to Wisconsin state statute 974.06." Id. Mr. Torres states that the purpose of his motion is to "exhaust state court remedies on issues that were not raised by appellate counsel." Id.

A person in state custody has one year to file a petition for *habeas corpus* review in federal court, and that one year begins to "run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). A federal court cannot "extend" that one-year time limit. The question is when the one-year time starts to run, and that depends on what actions the person

1

has taken in his state case. There are cases that discuss when a judgment becomes "final," and that issue can be complicated. It is true that the federal *habeas* statute has "tolling" provisions that exempt certain periods of time from counting toward the one-year limitations period. For example, 28 U.S.C. §2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." Until Mr. Torres files a *habeas* petition, however, the court will not be able to tell whether any time has been "tolled" or whether his petition would be barred by the statute of limitations.

The court does not have the authority to extend the deadline for Mr. Torres to file his petition. It can advise him only to conduct research into the question of whether his state conviction has become "final" and, if so, when; and then to make sure that he files his *habeas* petition within one year of the date the conviction became, or becomes, final.

The court **DENIES** Mr. Torres's motion to stay *habeas* and return to Circuit Court. Dkt. No. 1.

The court **ORDERS** that this case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 17th day of September, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**